UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SUNDANCE PHOTO, INC., and
STANDARD SECURITY LIFE INSURANCE
COMPANY OF NEW YORK, INC.,

    Defendants,

    and                                                                                                    Case No. 07-C-0610

SUNDANCE PHOTO, INC.,

    Third-Party Plaintiff,

    v.

THE BENEFIT COMPANIES, INC.,
MIDWEST SECURITY INSURANCE
COMPANIES, WISCONSIN
PHYSICIANS SERVICE INSURANCE CORPORATION,

    Third-Party Defendants.

## PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF HEALTH INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

(1) **Production of Health Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.102–164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.**

During discovery the parties may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number). The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102–164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records. The parties may produce these documents in an unredacted form. Upon producing these documents, the parties shall designate them as "confidential" in the manner set forth in paragraph 2, below. The parties, including their counsel and their personnel, may use these documents only for purposes of the litigation, and may disclose them to non-parties to this litigation only as needed for the litigation. The parties shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is permitted by the Court to be filed under seal or all information that would identify the subject of the document or filing has been removed. Within 90 days of the final conclusion of this litigation, the parties shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, or shall destroy them and certify in writing that the documents have been destroyed.

(2) **Designation of Material Subject to this Protective Order.**

To designate "confidential" material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH

2

INFORMATION- SUBJECT TO PROTECTIVE ORDER."

  (3) **Confidential Health Information in Depositions.**

Parties may show deponents designated confidential documents. However, efforts should first be made, if practicable, to conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information. The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

  (4) **Confidential Health Information in Open Court.**

The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of

3

individual patients have been removed.  No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

    (5)    **Modification Permitted.**

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

    (6)    **No Waiver**.

The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

    (7)    **No Ruling on Discoverability Nor Admissibility**.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS SO ORDERED this 25th day of January, 2008.

s/ C. N. CLEVERT, JR.
HON. CHARLES N. CLEVERT JR.
United States District Judge

4

Case 2:07-cv-00610-CNC   Filed 01/25/08   Page 4 of 4   Document 58